UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 03-10234-MLW |
| | ) |
| v. | ) VIOLATIONS: |
| | ) |
| | ) 21 U.S.C. §846 - Conspiracy to |
| JOHN GILLIES, | ) Possess with Intent to |
| a/k/a "Robert Burgess," and | ) Distribute Marijuana |
| a/k/a "David Martino", | ) |
| BEN SILVER, | ) 21 U.S.C. §841(a)(1) - |
| a/k/a "Matthew C. Long", and | ) Possession With Intent |
| JOSHUA GOLDSMITH, | ) to Distribute Marijuana |
| | ) and Aiding and Abetting |
| | ) |
| Defendants. | ) 21 U.S.C. § 853 - Criminal |
| | ) Forfeiture |
| | ) |

SECOND SUPERSEDING INDICTMENT

COUNT ONE:    (21 United States Code Section 846 - Conspiracy
              to Possess with Intent to Distribute Marijuana)

The Grand Jury charges that:

Beginning on an unknown date but at least by in or about March 2, 2003 and continuing until on or about May 28, 2003 at Canton, Dracut, and elsewhere in the District of Massachusetts, in the Southern District of California, and elsewhere,

JOHN GILLIES
a/k/a "Robert Burgess,"
a/k/a "David Martino",
BEN SILVER,
a/k/a "Matthew C. Long", and
JOSHUA GOLDSMITH,

defendants herein, knowingly and intentionally combined, conspired and agreed with other persons known and unknown to the Grand Jury, to possess with intent to distribute marijuana, a

2

Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the conspiracy involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(vii).

3

<u>COUNT TWO</u>:   (21 U.S.C. §841(a)(1) -- Possession with Intent to Distribute Marijuana; 18 U.S.C. §2 -- Aiding and Abetting)

The Grand Jury further charges that:

On or about April 15, 2003, in Dracut, Canton and elsewhere in the District of Massachusetts,

<div style="text-align:center">

JOHN GILLIES
a/k/a "Robert Burgess,"
a/k/a "David Martino",
BEN SILVER,
a/k/a "Matthew C. Long", and
JOSHUA GOLDSMITH,

</div>

defendants herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

It is further alleged that this offense involved 50 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

4

<u>COUNT THREE</u>:    (21 U.S.C. §841(a)(1) -- Possession with Intent to
Distribute Marijuana; 18 U.S.C. §2 -- Aiding and
Abetting)

The Grand Jury further charges that:

On or about May 28, 2003, in Dracut, Canton and elsewhere in the District of Massachusetts,

> JOHN GILLIES
> a/k/a "Robert Burgess,"
> a/k/a "David Martino",
> BEN SILVER,
> a/k/a "Matthew C. Long", and
> JOSHUA GOLDSMITH,

defendants herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

It is further alleged that this offense involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vii) and Title 18, United States Code, Section 2.

5

## DRUG FORFEITURE ALLEGATION

(21 U.S.C. §853 -- Criminal Forfeiture)

The Grand Jury further charges that:

1. As a result of committing one or more of the offenses alleged in Count One of this indictment,

> JOHN GILLIES
> a/k/a "Robert Burgess," and
> a/k/a "David Martino",
> BEN SILVER,
> a/k/a "Matthew C. Long", and
> JOSHUA GOLDSMITH,

defendants herein, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

6

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

Donald J. Flanagan
FOREPERSON OF THE GRAND JURY

Robert K. Peabody
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; May 4, 2004 @ 12:15 PM

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK