UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**        )
                                    )
          v.                        )
                                    ) Criminal No. 03-10234-MLW
**JOHN GILLES,**                    )
**BENJAMIN SILVER, and**            )
**JOSHUA GOLDSMITH**                )
                                    )
          **Defendants.**           )

             **ASSENTED TO MOTION TO CONTINUE STATUS**
                   **CONFERENCE FOR TWO WEEKS**

   The United States of America, by its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant U.S. Attorney Robert L. Peabody, defendant John Gillies, by his attorney John Salsberg, Esq., defendant Ben Silver, by his attorneys Martin Weinberg, Esq. and Robert Goldstein, Esq., and defendant Joshua Goldsmith, by is attorney Stephen Hrones, Esq., move this Honorable Court to continue the Status Conference now scheduled for Tuesday, June 15, 2004 at 10:30 a.m. two (2) weeks - or until June 30, 2004, or another time and date convenient to the Court.

   In support, the parties state that the Court had previously continued this status conference from May 16, 2004 to June 15, 2004 based on the parties' request to allow the DEA chemistry laboratory to obtain the necessary "net weight" of the marijuana seized in this case on May 30, 2003 – i.e. the weight of the seized marijuana <u>without</u> the duct tape packaging that encased the eight or so bales of marijuana discovered by agents inside the

2

wooden crate possesses by Gillies.[1]  During the week of June 1, 2004, agents transported the boxed and packaged marijuana to the DEA laboratory in New York City to obtain a reliable net weight of the drugs in question.  The marijuana was unpacked/unwrapped and a "net weight" was, ultimately, arrived at.  Further chemical analyses of this drug load were also performed.

   Notwithstanding the above, the government, to date, has yet to receive the appropriate DEA "7" (drug analysis/net weight) document that reflects the definitive results of the chemists'/ technicians' work.  Without these important results in hand, defendants will be hard pressed to know how proceed in their respective cases – in other words, whether additional motions pertaining to the accurate drug weight will be necessary; whether the filing of a drug suppression motion is required; or whether the matters can be disposed of by plea or requires a trial.

   The government expects receipt of the DEA notice soon (but certainly within the next two (2) weeks and, as such, seeks this brief continuance - two weeks – in order to discuss its impact on the case with counsel.  Once this issue is resolved, the parties, by the next scheduled status date, will be in a position to

---

[1] At this writing, the only weight obtained for the marijuana in question is 235 pounds or 106 kilograms.  Since a five (5) year minimum mandatory sentence is applicable to these defendants if the net weight of the drugs equal or exceeds 100 kilograms (220 lbs), an accurate drug weighing in this case – that is without the duct tape packaging  – is essential in advance of any resolution of the case.

3

discuss possible resolution or eventual referral of this matter to the District Court.

                                      Respectfully submitted,

                                      **MICHAEL J. SULLIVAN**
                                      United States Attorney

                                      **/s/ ROBERT L. PEABODY**
                                      Assistant U.S. Attorney
                                      617 748-3240

**Dated:** June 10, 2004