```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 03-10234-MLW |
| **JOHN GILLES,** | ) |
| **BENJAMIN SILVER, and** | ) |
| **JOSHUA GOLDSMITH,** | ) |
| | ) |
| **Defendants.** | ) |

**GOVERNMENT'S STATUS REPORT**

The United States of America, by its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant U.S. Attorney Robert L. Peabody, submits this case status report to the Court in connection with the Status Conference now scheduled with the Court for July 1, 2004 at 10:30 a.m.

Recently, the Court had consented to the parties two continuance requests to allow the government to obtain a more accurate weighing of the large marijuana load that was seized on May 28, 2003 in Canton, MA. As the Court may recall, the weighing of these drugs was conducted by DEA SA Kevin Hersey using the air freight scale belonging to American Airlines at Logan Airport. The gross weight of the 10 or so wrapped packages of marijuana came to 235 pounds, but, as stated, included the weight of the packaging. Since this weight was, obviously, not an accurate "net" weight of just the marijuana, and because the net weight was, likely, close to the 100 kilogram threshold (220

2

pounds) that could trigger a five (5) year minimum mandatory sentence, it made sense to learn the correct weight of the drugs seized on May 28, 2003.

The government does **not** have an updated DEA 7 (drug analysis and weighing) of the marijuana in question (it is expected soon), but has been informed by the case agent that the anticipated combined weight of the materials used to package the 10 or so marijuana bales (duct tape, etc.) was more than 20 pounds. As such, it appears that the marijuana seized will fall **below** the magical 100 kilogram figure.

Government counsel has related this information to Attorney's Weinberg (Silver) and Salsberg (Silver), and that, in turn, has generated settlement discussions among the parties.[1] At issue is what drug weight is fairly attributable to defendants Silver and Gillies – **only** the drugs seized on May 28, 2003 in Canton, MA (200 pounds or so) and charged in Count Two; or those drugs **plus** additional marijuana alleged to have been shipped by Goldsmith to Gillies and Silver on or about April 15, 2003 and charged in Count Three. Currently, defendants are discussing/ considering their positions relative to drug weight, whether to plead guilty and dispute drug weight at sentencing, or, in the alternative, pursue a suppression motion – did "reasonable

---

[1] Since counsel for Joshua Goldsmith is new to the case and has not received all of the discovery he is entitled to, it is premature to know how he intends to resolve this case.

3

suspicion" exist for DEA to request diversion of the marijuana crate from California to the Old Dominion depot in North Carolina – and then, if unsuccessful pressing this motion, whether to proceed to trial.

Based on the foregoing, the government would request another status date in 30 days within which time answers to the questions listed above can be answered.  At that time, the parties will either have reached some consensus on resolving this case short of trial, or need to address the suppression issue outlined above before the District Court and, after that (if necessary), schedule a trial.

                                      Respectfully submitted,

                                      **MICHAEL J. SULLIVAN**
                                      United States Attorney

_____                _____

                                      **ROBERT L. PEABODY**
                                      Assistant U.S. Attorney
                                      617 748-3240

**Dated:** June 30, 2004