UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**      )
                                  )
                                  )
            v.                    ) Criminal No. 03-10234-MLW
                                  )
**JOHN GILLIES,**                 )
a/k/a "Robert Burgess," and       )
a/k/a "David Martino",            )
**BEN SILVER,**                   )
a/k/a "Matthew C. Long", and      )
**JOSHUA GOLDSMITH,**             )
                                  )
      **Defendants.**

                    **FINAL STATUS CONFERENCE REPORT**

   The United States of America (the "government"), and defendants in the above-entitled criminal matter, hereby submit this Final Status conference Report, pursuant to Local Rule 116.5(C)(1)-(9).

1. **Whether there are outstanding discovery issues not yet presented or resolved by the Court.**

   No. All discovery materials and other issues have been satisfactorily resolved between the parties.

2. **Whether a party anticipates providing additional discovery as a result of its future receipt of information, documents, or reports of examinations or tests.**

   No.

3. **Whether the defendant intends to raise a defense of insanity or public authority.**

   No.

2

4. **Whether the government has requested notice of alibi by the defendant and, if so, whether the defendant has timely responded.**

   Not applicable to this case.

5. **Whether defendants have filed, or intend to file, any motion to sever, dismiss, or suppress, or any other motion requiring a ruling by the District Court before trial.**

   Defendants intend to file a suppression motion arising out of the government's directive to the freight carrier to divert the wooden crate (containing marijuana) from its intended destination in Massachusetts to a DEA facility in North Carolina. Defendants also reserve the right to seek possible severance in the case and/or dismissal of the charges before the District Court.

6. **Whether a schedule should be set concerning any matter in the case other than trial.**

   Yes; and see 5., <u>supra</u>.

7. **Whether the parties have discussed the possibility of an early resolution of the case without trial and, if so, the results of that discussion.**

   The government and counsel for some of the parties have made (and continue to make) a concerted effort to resolve their respective cases by plea rather than proceed to trial. To date, a "sticking point" remains whether the government intends to file a §851 enhancement that could – should the District Court find that the objective of the conspiracy <u>exceeded</u> 100 kilograms of marijuana – double the minimum mandatory sentence from 5 years to

3

10 years. At this writing the government is weighing whether or not to file the aforementioned §851 enhancement. Notwithstanding, the parties request that a briefing schedule for the aforementioned suppression motion be set and the matter referred to the District Court.

**8. Whether there are period of excludable delay under the Speedy Trial Act as to which the parties agree, and what they are, and whether there are any disagreements, and what they are, to enable the Magistrate Judge to rule on periods of excludable delay at the Final Status Conference.**

The parties agree that the following periods of time are excludable under the Speedy Trial Act and Local Rule 112:

Between May 29, 2003 (initial appearance) - June 13, 2003 (Gilles detention hearing); June 13 (detention hearing)- July 15, 2003 (indictment Gillies); July 15, 2003 - August 4, 2003 (superseding indictment); August 4, 2003 - September 5, 2003 (initial status conference); September 5, 2003 - October 3, 2003 (*continued* initial status conference); October 3, 2003 - November 6, 2003; and November 6, 2003 - October 6, 2004 (Final Status conference), because excluding the allotted time serves the ends of justice, and outweighs the best interests of the public and the defendants in receiving a speedy trial.

**9.   The estimated length of trial.**

Should any of the remaining three defendants require a trial on the merits, 5 to 7 trial days would be required.

4

Respectfully submitted,

**Counsel for John Gilles**                          **MICHAEL J. SULLIVAN**
                                                     United States Attorney

_____
**JOHN SALSBERG, ESQ.**

                                                     S/ Robert  L. Peabody
**Counsel for Benjamin Silver**                      **ROBERT L. PEABODY**
                                                     Assistant U.S. Attorney
                                                     617 748-3240

_____
**MARTIN WEINBERG, ESQ.**
**ROBERT GOLDSTEIN, ESQ.**


**Counsel for Joshua Goldsmith**


_____
**STEPHEN HRONES, ESQ.**



**Dated:** October 5, 2004