UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                             )<br>      V.               )<br>                             )<br>JOHN GILLIES (1) and   )<br>JOSHUA GOLDSMITH (3)    )| CRIMINAL NO. 03-10234-MLW |

**<u>GOVERNMENT'S MOTION FOR PROTECTIVE ORDER</u>**

The government respectfully moves for a protective order precluding the testimony, at the request of defendant John Gillies ("Gillies"), of out-of state witnesses who are employed by Old Dominion Freight Line ("Old Dominion"), unless and until it is shown by Gillies after the scheduled suppression hearing that said witnesses have relevant information to provide.  As grounds therefore, the government states as follows:

The government will call as its first witness, Geoff Stephany ("Stephany"), head of security for Old Dominion, whose office is in Thomasville, NC.  It was Stephany who contacted TFO Ferrell and put into motion the investigation by TFO Ferrell that eventually led to the diversion of the shipping crate (the "crate") to Greensboro, NC, and the execution of a state search warrant on the crate at that location.  It was Stephany who provided TFO Ferrell the bill of lading for the shipping crate and a copy of the driver's licence used by defendant Joshua Goldsmith when he shipped the crate from Old Dominion's Point Loma, CA facility.  It was Stephany who directed, at TFO

Ferrell's request, that the shipping crate be diverted to North Carolina. Stephany is also familiar with the shipping routes Old Dominion uses for shipments from the west coast to the east coast. Stephany can also authenticate the documents that reflect the tracking of the shipping crate from Point Loma, to Morrisville, TN, to Greensboro, NC.

By letter from his counsel received by the government on November 3, 2005, Gillies informed the government that he intends to call as witnesses at the suppression hearing, in addition to Stephany and TFO Ferrell, who the government will be calling, the following Old Dominion employees:[1]

1. Ronald King, Assistant Terminal Manager, Point Loma, CA

2. Shipping clerk who processed the crate in Point Loma, CA

3. Truck driver(s) who transported the crate to NC

More specifically, Gilles requested the government to:

> provide us with the names of the shipping clerk who processed the crate in Point Loma, California, of Old Dominion and the truck drivers who transported it to North Carolina. In order to proceed efficiently with the hearing, please let me know promptly if any of the

---

[1] Defendant Gillies also identifies additional witnesses, including John Ryan (a co-conspirator in this case who pled in another session under a plea and cooperation agreement), DEA Agent Kevin Hersey, who the government will either call or make available at the suppression hearing, Robert Peabody, former AUSA, and Ian McConnell, a former intern in the USAO. The government concedes that Ryan is a relevant witness on the issue of "standing," and hopes that a stipulation might be reached about his expected testimony. Compliance by Gillies with the Touhy regulations will be required with respect to the appearance of Mr. Peabody and Mr. McConnell at the suppression hearing.

>named witnesses will require a court-ordered subpoena or whether you will make arrangements to have them in Boston on the hearing date.

At least until after Stephany testifies, the government should not be required to provide defendant Gillies with address information for his requested witnesses, or alternatively, produce those witnesses at the suppression hearing.  Two of the witnesses work and reside in California.  The Old Dominion truck driver(s) work and reside in an unknown location, but presumably not near Massachusetts.

There are legitimate issues to be explored at the suppression hearing.  But those issues do not require either the shipping clerk, the assistant Point Loma terminal manager, or truck drivers.  The crate was diverted because Stephany provided to TFO Ferrell the bill of lading, a copy of defendant Goldsmith's driver's license, and information about payment for the shipment, and TFO Ferrell thereafter investigated and gathered more information that he ultimately used to obtain a search warrant.  Although it appears that TFO Ferrell was incorrectly informed that the shipment charges had been prepaid in cash, the person who told him that, Stephany, and TFO Ferrell will both be witnesses at the suppression hearing and subject to cross-examination on that issue.  Old Dominion tracking records will be introduced at the suppression hearing.  Thus, testimony from truck drivers would be cumulative and is not needed.  The

documentary records show the times that the crate left California, arrived in and left Tennessee, and arrived in North Carolina.  There is no suppression issue in this case that cannot be framed and argued based on those records, and without the presence of truck drivers.

By his signature below, the undersigned Assistant U.S. Attorney certifies, pursuant to Local Rule 7.1(A)(2), that he has conferred in good faith with counsel for Gillies and this motion deals only with issues that have not been resolved by the parties.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                              By: /s/ Timothy Q. Feeley
                                    TIMOTHY Q. FEELEY
November 4, 2005                  Assistant U.S. Attorney

---

CERTIFICATE OF SERVICE

This is to certify that I have this 4th day of November 2005 served upon defendants' counsel, John Salsberg and Stephen Hrones, a copy of the foregoing document by electronic filing notice.

                                      /s/ Timothy Q. Feeley
                                      TIMOTHY Q. FEELEY
                                      Assistant U.S. Attorney